United States District Court
Southern District of New York

----------------------------------------------------------------------x

Robert Dechert,
       Plaintiff,
 - against -

CitiMortgage Inc,
       Defendant.

----------------------------------------------------------------------x

**COMPLAINT**

Index Number

_____

TO THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

The complaint of the plaintiff, Robert Dechert, respectfully shows and alleges as follows:

1. The Plaintiff herein, Robert Dechert, is a resident of the State of Florida. Mr. Dechert resides at 51 Compass Is, Fort Lauderdale, FL 33308.

2. The defendant herein, CitiMortgage, is incorporated under the laws of the State of New York, and has a principal place of business at 1000 Technology Drive, O'Fallon, MO 63368. The Defendant is the Master Servicer of Certain Residential Mortgage-Backed Securitization Trusts.

3. Plaintiff Dechert owns two senior Residential Mortgage-Backed Securities, CMALT 2007-A4 1A2 (cusip 12566VAB8) and CMALT 2007-A1 1A11 (cusip 12566QAL7). The two fixed income securities owned by the Plaintiff are referred to as "certificates" in the Pooling and Servicing Agreement (PSA). The PSA is the governing document which contains the rules and responsibilities of the Servicer over a pool of mortgage loans and serves as the contract for each Trust.

CitiMortgage is the Servicer for the two certificates above owned by the Plaintiff. On behalf of all certificate holders, it is Servicer's duty to abide by the explicit rules set out in the Pooling and Servicing Agreement. As the owner of record for the two Trusts mentioned in this complaint, the Plaintiff has entered into a contract with the servicer. By ignoring the language in the PSA, the Servicer has financially harmed the Plaintiff.

4. Currently, defendant is directing all loss recoveries to only some "senior" certificates even though in Section 18 (Loss Recoveries) of the Pooling and Servicing Agreement it clearly states that "On each distribution day, the amount of any loss recovery for the preceding month will be distributed as follows: ***First, to each senior class*** to the extent of and ***in proportion to its aggregate realized losses*** for that and all preceding months that were not previously reimbursed under this paragraph…". There is no denying that the two certificates the Plaintiff owns are indeed "seniors" by their definition in the PSA.

5. Between October 2007 and July 2022 the Defendant has been incorrectly applying loss recoveries to increase the principal balances on some seniors. For the monthly remittance reports between this timeframe, one of the columns on page 3 of the remit reads "***Increase to Certificate principal balance from Subsequent Recoveries***". In Section 18 of the Pooling and Servicing Agreement, it states clearly "***distributions made pursuant to paragraph First above will not result in any adjustments to class balances.***" Defendant is using the monthly loss recoveries to offset the monthly losses, which results in an improper adjustment to the class balances.

6. The PSA states that recoveries are to be paid "in proportion to its aggregate realized losses." This means you would take the current cumulative principal loss for a given senior certificate, and divide it by the current cumulative principal loss total of all senior certificates during a given month. That percentage (calculated on each senior) is then multiplied by the current month's recovery which gives you the amount of cash that should be paid to "each" senior. The first paragraph in section 18 starts with "The following rules for loss recoveries supersede any conflicting rules in "Distributions" or "Adjustments to class balances." Since recoveries to the seniors cannot result in any adjustment to class balances and the calculation for losses and distributions differ from that of the recoveries, any monthly losses or principal distributions cannot commingle with recoveries, therefore the entirety of the recoveries should be paid as a cash payment as to not affect balances.

7. Plaintiff has contacted CitiMortgage asking why they are not following the language in the Pooling and Servicing Agreement and received a response which was contrary to what is written in the PSA. After emailing CitiMortgage in July of 2022, the Defendant changed the format of their monthly remit reports from August 2022 to present. However, they did not correct the method in which recoveries are to be applied as expressly written in the PSA. Defendant stated that Section 23, Super Senior and Super Senior Support Classes (which only details how losses are allocated), should be read in conjunction with Section 18, Loss Recoveries, but this makes no sense for two reasons. First, Loss Recoveries and Realized Losses are two different subject matters, each with its own section and

definition in the PSA. Second, Section 23 instructs which classes' principal balance should be reduced from losses, but Section 18, Loss Recoveries, clearly states distributions to each senior class from recoveries will not result in any adjustments to class principal balances.

8. Plaintiff requests defendant to correct the way they are distributing loss recoveries under the express terms in Section 18 of the Pooling and Servicing Agreement (the Governing Document) which provides the rules for allocation of loss recoveries. Plaintiff requests defendant to reverse past incorrect allocations from loss recoveries and to redistribute them to "each" senior bond according to the language in Section 18 of the PSA.

9. By reasons of the facts and circumstances stated above, defendant has breached the Pooling and Servicing Agreement.

10. By reason of the facts and circumstances stated above, plaintiff has been damaged by defendant in the sum of approximately $910,000 for CMALT 2007-A1 1A11 and $238,000 for CMALT 2007-A4 1A2 as of January 2023. Each month defendant fails to abide by the terms of the PSA harms the plaintiff.

WHEREFORE, plaintiff demands judgment against defendant for the amounts owed to plaintiff from previous loss recoveries and for defendant to correct disbursement of recoveries going forward as per the PSA.

Dated: ___March 6___, 2023

_____

Robert Dechert
51 Compass Is
Fort Lauderdale, FL 33308
954-258-1017
Bdechert1@gmail.com